UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TARA H.,<br><br>                  Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | CASE NO. 2:20-cv-00380-BAT<br><br>**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff appeals denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred by discounting two medical opinions and her testimony. Dkt. 10. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 43 years old, has a limited education, and has worked as a machine packager and supervisor; assembler; and home attendant. Tr. 23. Plaintiff alleges disability as of January 16, 2017. Tr. 36. After conducting a hearing in December 2018, the ALJ issued a decision in January 2019 finding Plaintiff not disabled. Tr. 30-75, 15-25. In pertinent part, the ALJ found Plaintiff's depressive, anxiety, post-traumatic stress, and borderline personality disorders limited

her to simple work with no public contact, no coordination with coworkers, occasional contact with supervisors, and monthly absences. Tr. 17, 19.

## DISCUSSION

**A.     Medical Opinions**

The parties assert different standards of review for discounting a medical opinion, but neither argues the difference would be dispositive in this case. The Court need not resolve the dispute because under either standard the ALJ erred in evaluating the medical evidence. At minimum, an ALJ must specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion, and each of the ALJ's findings must be supported by substantial evidence. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b).

**1.     Treating Physician Charlton Lacerna, M.D.**

In May 2018 Dr. Lacerna submitted a Medical Source Statement opining, based on diagnoses of borderline personality disorder and generalized anxiety disorder, Plaintiff had short-term memory problems and difficulty concentrating that would prevent even simple full-time work. Tr. 496-97, 501. More than once a week, Plaintiff's concentration would lapse for more than 15 minutes. Tr. 497. Twice a month she would be absent from work due to psychologically based symptoms. Tr. 498. Plaintiff would be unable to sustain an ordinary routine without special supervision, and unable to interact appropriately with the public on a regular and consistent basis. Tr. 499.

/

/

/

The ALJ rejected Dr. Lacerna's opinions on the grounds he provided only routine, conservative treatment; other providers documented normal mental status findings; and Plaintiff's activities conflicted with the opinions. Tr. 21.[1]

Plaintiff contends the psychotropic medications—including benzodiazepines and an anti-psychotic—she was prescribed together with regular therapy were not conservative treatment. Dkt. 15 at 3. The Commissioner asserts the "treatment was conservative" without citing any support in the record or other authority. Dkt. 14 at 7. The Commissioner also argues a person with the restrictions in Dr. Lacerna's opinions "would require greater psychiatric intervention" without identifying what intervention would be expected or any support for this assertion. *Id*. The ALJ's finding of conservative treatment is not supported by substantial evidence, and thus not a valid reason to discount Dr. Lacerna's opinions.

The ALJ found Plaintiff's mental status examinations generally showed normal "thought processes and content, pleasant demeanor, and intact judgment." Tr. 21. Yet other providers consistently observed multiple abnormalities such as anxious mood and affect, jittery or restless psychomotor activity, concentration difficulty, and pressured speech. *See*, *e.g.*, Tr. 374, 396, 403, 425, 462, 555. The ALJ failed to explain why these extensive abnormal results were insufficient to support Dr. Lacerna's opinions, which were premised on anxiety and personality disorders rather than thought disorders, or why the abnormal results were less probative than normal thoughts and judgment. The Commissioner identifies a few treatment notes showing normal mood and affect, but those are largely from appointments addressing physical complaints where providers performed minimal psychiatric examinations. *See*, *e.g.*, Tr. 324 (migraine), 422

---

[1] The ALJ also noted a GAF score of 60 in Dr. Lacerna's treatment notes, but the Commissioner does not argue this was a valid reason to discount Dr. Lacerna's opinions. Tr. 21.

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 3

1  (back pain). But that type of selective reading of the record does not address the more exensive

2  findings of abnormalities. Substantial evidence does not support the ALJ's finding the medical

3  evidence contradicted Dr. Lacerna's opinions.

4  As for activities, the ALJ failed to explain how Dr. Lacerna's opinions were inconsistent

5  with Plaintiff's ability to "spend focused periods of time making jewelry, to navigate the

6  community alone on her scooter, to go to the beach, and to initiate and maintain personal

7  relationships." Tr. 21. The Commissioner argues Dr. Lacerna's opined limitation on public

8  interaction was inconsistent with traveling by scooter, going to the beach, and maintaining

9  personal relationships. Dkt. 14 at 7. However, the ALJ did not reject this opined limitation, but

10 found it consistent with the record and included it in the RFC. Tr. 19. The Commissioner argues

11 spending focused time making jewelry contradicted Dr. Lacerna's opined concentration

12 limitations, citing a single June 2017 treatment note stating Plaintiff, stressed and overwhelmed,

13 was "using jewelry making to help her cope." Tr. 370. Nothing in the record indicates Plaintiff

14 spent focused periods of time, and she testified she could only focus for "15 minutes, sometimes

15 an hour" making jewelry. Tr. 59. Substantial evidence does not support the ALJ's finding

16 Plaintiff spent "focused periods of time" making jewelry. Tr. 22. Conflict with Plaintiff's

17 activities was not a valid reason to discount Dr. Lacerna's opinions.

18 As substantial evidence does not support the ALJ's determination the ALJ erred by

19 discounting Dr. Lacerna's opinions.

20 **2.   Treating Therapist Emily Puma, LICSW**

21 In October 2018 Ms. Puma submitted a Medical Source Statement opining, based on

22 diagnoses of general anxiety, PTSD, and bipolar disorder, Plaintiff had short term memory

23

1 problems, could not stay on task for two-hour segments, would be absent weekly due to her

2 symptoms, and was unable to work in proximity to coworkers.  Tr. 659-63.

3      The ALJ found Ms. Puma's opinions unpersuasive because they were unsupported by her

4 own treatment notes, contradicted by Plaintiff's improvement with treatment, and inconsistent

5 with Plaintiff's activities.  Tr. 21-22.  The ALJ did not explain why Ms. Puma's treatment notes

6 are insufficient to support her opinions.  Ms. Puma's treatment notes document extensive

7 abnormal results in mental status examinations and assess Plaintiff as struggling nearly every

8 week.  *See* Tr. 462-77, 542-43.  The ALJ's finding of lack of support by her own treatment notes

9 is unsupported by substantial evidence and thus not a valid reason to discount Ms. Puma's

10 opinions.

11      Impairments that can be "controlled effectively" by medication or treatment are not

12 considered disabling for purposes of determining eligibility for Social Security benefits.  *Warre*

13 *v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).  The ALJ identified a few

14 treatment notes documenting improvement in symptoms, but these are not representative of the

15 record as a whole.  *See Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014) ("While ALJs

16 obviously must rely on examples…, the data points they choose must *in fact* constitute examples

17 of a broader development").  In July 2017 Plaintiff reported her personality disorder symptoms

18 were "getting better" but her anxiety was "getting worse."  Tr. 447.  Ms. Puma assessed her as

19 anxious and "less depressed" one week but stressed, anxious, and depressed the following week.

20 Tr. 474, 471.  In August 2017 Plaintiff reported "increased anxiety" and Ms. Puma continued to

21 assess her as anxious.  Tr. 462, 465, 468.  In September 2017 Plaintiff reported "feeling much

22 better."  Tr. 485.  In October 2017 her anxiety was "getting worse."  Tr. 502.  In November 2017

23 Plaintiff reported her depression was "getting better" and she had been "able to function without

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

any severe anxiety." Tr. 506.  In January 2018 Plaintiff reported her "anxiety and depression has been getting worse." Tr. 511.  In April 2018 Plaintiff reported her anxiety was "getting worse" despite "great improvement" with counseling.  Tr. 515-16.  In May 2018 Plaintiff reported "a lot of anxiety" and "crying spells."  Tr. 520.  She continued to report anxiety and depression and be assessed with prominent anxiety through throughout the record.  *See*, *e.g.*, Tr. 545-48, 552, 555, 598.  The record shows no period of sustained improvement.  Substantial evidence does not support the ALJ's finding of effective control of Plaintiff's symptoms.

The ALJ found Ms. Puma's opinions contradicted by the same activities as Dr. Lacerna's opinions but failed to explain how.  Merely listing activities is not a valid reason to discount Ms. Puma's opinions. The Court concludes the ALJ erred by discounting Ms. Puma's opinions.

**B.     Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony because mental status examination results were "generally within normal limits."  Tr. 20.  As discussed above, providers consistently observed multiple abnormalities such as anxious mood and affect, jittery or restless psychomotor activity, concentration difficulty, and pressured speech.  *See*, *e.g.*, Tr. 374, 555.  The ALJ's finding of generally normal clinical findings was not supported by substantial evidence, and the ALJ failed to explain how any of the specific normal results contradicted any of Plaintiff's testimony.

The ALJ also discounted Plaintiff's testimony based on improvement with treatment.  Tr. 20-21.  As discussed above, substantial evidence does not support the ALJ's finding of effective control of Plaintiff's symptoms.

Finally, the ALJ discounted Plaintiff's testimony based on conflict with activities of caring for her ill mother (which consisted of driving her to appointments sometimes), shopping in stores, going to the beach, riding her scooter, visiting a casino, and making jewelry, but failed

to explain how these activities contradict her testimony. Tr. 21. The Commissioner contends the activities contradicted Plaintiff's alleged difficulty focusing, but none of the activities require substantial focus. Dkt. 14 at 11. The Commissioner also argues the activities contradict Plaintiff's testimony of difficulty being around people. Dkt. 14 at 11 (citing Tr. 66). None of the activities require much interaction. Plaintiff testified she shops at night when few people are present, and she went to a "casino and hotel" for her mother's birthday and "mainly stayed in [her] room." Tr. 51, 39. Neither of these rises to the level of a clear and convincing reason to discount Plaintiff's testimony.

The Court concludes the ALJ erred by discounting Plaintiff's testimony.

**C.     Scope of Remand**

Plaintiff requests remand for an award of benefits. Dkt. 10 at 18. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). Plaintiff fails to even attempt to show the requirements have been met. The Court notes conflicts in the record remain, such as between Dr. Lacerna's opinions and the opinions of the State agency non-examining doctors. *See*, *e.g.*, Tr. 85-87. The Court concludes remand for further proceedings is appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

/

/

/

/

On remand, the ALJ shall reevaluate Dr. Lacerna's and Ms. Puma's opinions and Plaintiff's testimony, develop the record and reassess the RFC as appropriate, and proceed to step five as necessary.

DATED this 2nd day of November, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge